**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK DICKERSON,

        Plaintiff-Appellant,

v.

CITY OF PORTLAND; MULTNOMAH
COUNTY; MATT JACOBSEN; JOHN
DOES, 1-15,

        Defendants-Appellees.

No.   20-36121

D.C. No. 3:19-cv-01126-SB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted March 18, 2022 [**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

    Plaintiff Mark Dickerson appeals pro se from the district court's summary

judgment in favor of Defendants City of Portland (City), Multnomah County

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

(County), Officer Matt Jacobsen, and fifteen John Does. Dickerson brought this civil rights action and related Oregon claims alleging that he was wrongfully arrested by Portland police after he struck a pedestrian with his truck. Reviewing de novo,[1] we affirm.

The district court did not err in granting summary judgment for the City and Jacobsen on Dickerson's 42 U.S.C. § 1983 claim for wrongful arrest. *See District of Columbia v. Wesby*, __ U.S. __, __, 138 S. Ct. 577, 585–86, 589, 199 L. Ed. 2d 453 (2018); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008); *see also* U.S. Const. amend. IV; 42 U.S.C. § 1983. No reasonable juror could determine that Officer Jacobsen lacked probable cause[2] to arrest Dickerson for reckless driving[3] in light of all the facts and circumstances of which Jacobsen was aware, including Captain Simon's eyewitness account of Dickerson's twice-striking a pedestrian with his truck. Video footage confirms Captain Simon's description. *See Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, L. Ed. 2d 686 (2007). The district court properly disregarded the purported factual disputes identified by Dickerson because those are immaterial to whether Officer

---

[1] *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).

[2] *See McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984); *see also Wesby*, __ U.S. at __, 138 S. Ct. at 586–89.

[3] Or. Rev. Stat. § 811.140(1); *see also id.* § 161.085(9)

Jacobsen had probable cause to arrest him for reckless driving. *See id.*; *see also Morehouse v. Haynes*, 253 P.3d 1068, 1074–75 (Or. 2011).

Because there was no constitutional violation, the district court correctly determined that Dickerson's *Monell*[4] claim against the City failed as a matter of law. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Similarly, his Oregon false arrest claim against the City failed in light of the disposition of the § 1983 wrongful arrest claim. *See Miller v. Columbia County*, 385 P.3d 1214, 1220–21 (Or. Ct. App. 2016). We decline to consider any matters that Dickerson failed to specifically and distinctly raise and argue in his briefing on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

Moreover, the grant of summary judgment did not violate Dickerson's constitutional right to a jury trial. *See Diamond Door Co. v. Lane-Stanton Lumber Co.*, 505 F.2d 1199, 1203 (9th Cir. 1974); *see also id.* at 1203 n.6.; U.S. Const. amend. VII.

**AFFIRMED.**

---

[4] *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91, 98 S. Ct. 2018, 2035–36, 56 L. Ed. 2d 611 (1978).